[Docket No. 19]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| WENDY F.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil No. 23-20298 (RMB) <br><br> **MEMORANDUM ORDER** |

**RENÉE MARIE BUMB, Chief United States District Judge:**

Plaintiff Wendy F., by and through her attorney Jamie R. Hall, *Esq.* ("Counsel"), moves for an award of attorney's fees under Section 406(b) of the Social Security Act. 42 U.S.C. § 406(b). Counsel represented Plaintiff in social security proceedings before the Social Security Administration and on appeal in this Court pursuant to a representation agreement. [Docket No. 19-2 "Representation Agreement").] By that agreement, Plaintiff agreed that Counsel would receive 25% of any past due disability benefits awarded by the Social Security Administration. The Social Security Administration awarded Plaintiff $73,182.00 in past due benefits. [Docket No. 19-3.] Counsel seeks $9,095.50 of that amount in satisfaction of the

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts should refer to plaintiffs in social security disability cases by only their first names and last initials given the significant privacy concerns in these matters. *See also* D.N.J. Standing Order 2021-10.

Representation Agreement. [Docket No. 19-1 ¶ 7 ("Hall Aff.").] For the below reasons, the Court will **GRANT** the fee application.

I. STANDARD OF REVIEW

The Social Security Act allows an attorney to have a contingent-fee arrangement with a social security claimant under which the attorney receives a percentage of the benefits award. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (explaining the Act "does not displace contingent-fee agreements"). Section 406(b) of the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b). "Contingent fee arrangements are 'the primary means by which fees are set for successfully representing Social Security benefits claimants in court.'" *Laurice A.H. v. Kijakazi*, 2023 WL 8237336, at *2 (D.N.J. Nov. 28, 2023) (quoting *Gisbrecht*, 535 U.S. at 807). By Section 406(b), contingent-fee arrangements providing for fees beyond 25% of past due benefits are "unenforceable." *Gisbrecht*, 535 U.S. at 807.

While Congress allows contingent-fee arrangements in the social security realm, courts must police those agreements to ensure they are reasonable. *Id.* ("§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). In doing so, courts look to "the

experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding." *Leak v. Comm'r of Soc. Sec.*, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017). "Courts should [also] consider the nature and length of the professional relationship with the claimant— including any representation at the agency level[.]" *Fields v. Kijakazi*, 24 F.4th 845, 855 (2d Cir. 2022). "While § 406(b) fees compensate counsel for court-related work, consideration of 'the time spent and work performed by counsel on the case when it was pending at the agency level' can inform a district court's understanding of 'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court.'" *Id.* (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)). And courts must never forget "'the primacy of lawful attorney-client fee agreements.'" *Acosta v. Comm'r of Soc. Sec.*, 2022 WL 1598947, at *1 (3d Cir. May 20, 2022) (quoting *Gisbrecht*, 535 U.S. at 793).

Courts can reduce "an attorney's recovery based on the character of the representation and the results the representative achieved," or "[i]f the attorney is responsible for delay." *Gisbrecht*, 535 U.S. at 808. Courts will also reduce a fee award when "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* Said another way, courts will reduce a fee award to prevent windfalls to attorneys. *Id.* In evaluating fee applications, courts have struggled to determine what

constitutes a windfall to attorneys. *See generally Arnold v. O'Malley*, 106 F.4th 595, 600-01 (7th Cir. 2024); *accord Fields*, 24 F.4th at 853-54. The windfall analysis is not "a way of reintroducing the lodestar method" to determine whether a fee under § 406(b) is reasonable. *Fields*, 24 F.4th at 854. Because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* Finally, if the attorney has received a fee award under the EAJA, the attorney must refund that award to the social security claimant. *Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (alteration in original, citation omitted))).

## II.  DISCUSSION

Having considered the relevant factors, the Court finds the $9,095.50 requested fee reasonable. First, even though Counsel is entitled to a fee award of up to 25% of the past due benefits awarded ($18,295.50) pursuant to the Representation Agreement, he only requests $9,095.50. Second, Counsel's imputed effective hourly rate hourly rate and how long he worked on the appeal were reasonable, especially in light of the favorable result reached on behalf of his client following remand from this Court. [Hall Aff. ¶ 9.] Counsel spent a total of 17.4 hours working on Plaintiff's social security appeal which, based on the $9,095.50 in fees sought, results in an imputed effective hourly rate of $522.72. [Hall Aff. ¶ 10.] That amount is well within reason when

considering the fee amounts approved by other courts in this Judicial District. *See Wells v. Comm'r of Soc. Sec.*, 2024 WL 447768, at *1–2 (D.N.J. Feb. 6, 2024) (approving imputed hourly rate of $1,056.34); *see also Gonzalez v. Comm'r of Soc. Sec.*, 2017 WL 6513349, at *2–3 n.3 (D.N.J. Dec. 19, 2017) (approving imputed hourly rate of $992.82); *Leak v. Comm'r of Soc. Sec.*, 2017 WL 5513191, at *1–2 (D.N.J. Nov. 17, 2017); *Amy P. v. Colvin*, 2024 WL 5264247, at *1 (D.N.J. Dec. 30, 2024) (approving imputed hourly rate of $531.20). There was also genuine risk of non-recovery in this case absent Counsel's work in securing a favorable result for his client. And although the rate requested in the instant matter is higher than that requested by Plaintiff pursuant to the EAJA, [Docket No. 18 (approving consent order for payment of fees and costs pursuant to the EAJA at imputed hourly rate of $255.63)], the Court finds this does not outweigh the previous factors. *Leak*, 2017 WL 5513191, at *2.

### III.  CONCLUSION

For the above reasons, and for good cause shown,

**IT IS**, on this **13th** day of **August**, **2025**, hereby:

**ORDERED** that Plaintiff's Motion for Attorney's Fees under Section 406(b) of the Social Security Act, [Docket No. 19], is **GRANTED**; and it is further

**ORDERED** that Counsel shall remit to Plaintiff Wendy F. any amount he received in EAJA fees by this Court's previous award, [Docket No. 18]; and it is finally

**ORDERED** that Counsel shall be awarded $9,095.50 in attorney's fees from Plaintiff Wendy F.'s past due disability benefits award.

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge